UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SERGIO LARIOS,

       Plaintiff,

  v.                                               Civil No. 06-1330-HA

MCLANE COMPANY, INC., MCLANE       OPINION and ORDER
FOODSERVICE, INC., MCLANE
FOODSERVICE DISTRIBUTION,

       Defendants.
_____

HAGGERTY, Chief Judge:

      Plaintiff Sergio Larios brings a Complaint against defendants McLane Company, Inc., McLane Foodservice, Inc., and McLane Foodservice Distribution (collectively "McLane" or "defendants") asserting that he was fired in retaliation for filing a workers compensation claim, in violation of O.R.S. § 659A.040. Defendants filed a Motion for Summary Judgment [20] and oral argument was heard on April 28, 2008. For the following reasons, defendants' motion is DENIED.

**I.    BACKGROUND**

The following facts are undisputed unless otherwise noted and are stated in the light most favorable to plaintiff.

Plaintiff worked as a warehouseman for defendants for eight months until his discharge on July 29, 2005. Plaintiff acknowledged the receipt of defendants' employee handbook in November 2004 and signed two separate documents acknowledging his review of defendants' attendance policy. Defendants use a point system to track attendance. A tardy less than two hours is assessed two points. A tardy more than two hours is assessed four points. An absence with two hours notice is assessed four points. An absence without two hours notice is assessed six points. McLane employees may not use their granted time off in the event they are late to work. Attendance points are assessed against employees who are tardy, regardless of whether they have unpaid time off (UTO) or personal time off (PTO) available. These policies applied to plaintiff during his tenure with McLane.

Plaintiff received his first written warning for violation of the attendance policy on January 1, 2005, and he received subsequent warnings on January 8, 2005, and January 23, 2005. Although he reached 20 attendance points– warranting separation – on January 23, 2005, plaintiff was not discharged due to an ice storm that forced many of defendants' employees to also miss work.

On July 22, 2005, plaintiff called in more than two hours in advance, to say he would not be at work that day. His manager asked him to come in because defendant was short-handed. Plaintiff came into work late, and was assessed attendance points. According to plaintiff, if he would not have come in to work on July 22, 2005, his absence would not have resulted in any

attendance points being assessed against him because he had UTO available.  Defendant contends that employees must have PTO available to avoid attendance points if they call in.

Plaintiff asserts that he reported an on-the-job shoulder injury at the end of his shift, at 12:30 a.m. on July 24, 2005.  Defendants disagree and state that plaintiff reported the injury at the end of his shift on July 23, 2005.  Plaintiff alleges that he went to the emergency room after his shift ended, on July 24, 2005, where he received a work release note.  He presented the work release note to his manager at work that day.  On July 26, 2005, plaintiff submitted a workers compensation claim for his shoulder injury to defendants.  Plaintiff did not return to work until July 29, 2005.

On July 29, 2005, plaintiff received written notice of discharge, for violation of the attendance policy.

## II.    ANALYSIS

### A.    Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

On summary judgment, the court must view the facts and draw inferences in the manner most favorable to the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Defendant, the moving party, bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).  When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the

3 - OPINION AND ORDER

absence of evidence of a genuine issue of material fact from the non-moving party. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also *Anderson*, 477 U.S. at 248-49. There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.,* 690 F.2d 1235, 1238 (9th Cir. 1980).

**B.    Discussion**

Defendants contend that plaintiff has failed to establish causation, and in the alternative, that they possessed a legitimate non-discriminatory reason to terminate plaintiff.

Plaintiff must establish the following elements to make a prima facie case for discrimination on the basis of filing a workers compensation claim: "(1) that the plaintiff invoked the workers' compensation system; (2) that the plaintiff was discriminated against in the tenure, terms or conditions of employment; and (3) that the employer discriminated against the plaintiff because he or she invoked the workers' compensation system." *Williams v. Freightliner, LLC*, 100 P.3d 1117, 1121 (Or. Ct. App. 2004) (quotation omitted).

Defendants argue that plaintiff cannot show that he was terminated because he filed a workers compensation claim. Plaintiff relies on temporal proximity to support causation, as well as the hostility displayed by management when he presented his work release. Temporal proximity between the protected activity and retaliatory action is enough to support causation at summary judgment. *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) ("Causation sufficient to establish . . . [a] prima facie case may be inferred from circumstantial evidence,

4 - OPINION AND ORDER

such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory [activity]."); *Scott v. Sears, Roebuck & Co*, 395 F. Supp.2d 961, 981 (D. Or. 2005) ("based on timing alone, a genuine issue of material fact [exists] on the causal relationship between the [protected activity] and [plaintiff's] termination."). Plaintiff's evidence that his manager reacted angrily when he was given plaintiff's work release further establishes an inference that plaintiff was terminated in retaliation. These facts, taken in the light most favorable to plaintiff, establish the requisite causation.

Defendants also argue that they had a legitimate reason to fire plaintiff– for his violation of the attendance policy. Plaintiff accumulated over 20 points in attendance infractions. Plaintiff argues, however, that his final tardy, on July 22, 2005, was excused because he initially called in to be out for the day, but came in late at management's encouragement. Plaintiff asserts that if he had missed the entire work day on July 22, instead of being six hours late, he would not have been assessed any attendance points because he had UTO available. Plaintiff contends that he was terminated because he filed a workers compensation claim, and that defendants used the purported violation of the attendance policy as a pretext for retaliation. There is sufficient evidence to support that conclusion. Plaintiff has established a genuine issue of material fact as to whether his final tardy should have been assessed any attendance points. Accordingly, defendants' purported legitimate business reason to terminate plaintiff lacks credence. Further, defendants' delay in commencing the termination proceedings shows pretext. Plaintiff worked several days after arriving late on July 22, and was not told he was being terminated until after he filed his workers compensation claim. The timing, along with defendants' specious explanation of plaintiff's termination, indicate that defendants may have acted with a retaliatory

5 - OPINION AND ORDER

motive.  Defendants' motion for summary judgment as to plaintiff's claim for retaliation based on filing a workers compensation claim is denied.

### III.    CONCLUSION

For the foregoing reasons, defendants' Motion for Summary Judgment [20] is DENIED.

IT IS SO ORDERED.

DATED this   29   day of April, 2008.

      /s/  Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge